IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**DONALD RADFORD,**

  **Plaintiff,**

v.               Case No.: 1:20-cv-00428

**ANDREW M. SAUL,**
**Commissioner of the**
**Social Security Administration,**

  **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

  This action seeks a review of the decision of the Commissioner of the Social Security Administration *(*hereinafter "Commissioner") denying Plaintiff's applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. The matter is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending are Plaintiff's Motion for Judgment on the Pleadings and the Commissioner's Brief in Support of Defendant's Decision, requesting judgment in his favor. (ECF Nos. 15, 16, 21).

  The undersigned has fully considered the evidence and the arguments of counsel. For the following reasons, the undersigned **RECOMMENDS** that Plaintiff's request for judgment on the pleadings be **DENIED**; the Commissioner's request for judgment on the

pleadings be **GRANTED**; the Commissioner's decision be **AFFIRMED**; and this case be **DISMISSED** and removed from the docket of the Court.

## I.     Procedural History

On December 29, 2014, Donald Wayne Radford ("Claimant"), protectively filed for DIB and SSI, alleging a disability onset date of December 28, 2002, due to "right leg problems, high blood pressure, high cholesterol, depression, anxiety, panic attacks, acid reflux, and COPD." (Tr. at 321-32, 376). After his applications were denied at the initial and reconsideration levels of review, Claimant requested an administrative hearing, which was held before the Honorable Francine A. Serafin, Administrative Law Judge, ("the ALJ") on June 21, 2017. (Tr. at 133-42, 1770-1801). By written decision dated September 14, 2017, the ALJ found that Claimant was not disabled as defined by the Social Security Act (the ALJ's "prior decision"). (Tr. at 109-29). Upon granting Claimant's request for review, the Appeals Council vacated the ALJ's prior decision. (Tr. at 130-32). The Appeals Council remanded the case to the ALJ to resolve certain concerns and issue a new decision in the case. (*Id.*). The ALJ held a second administrative hearing on April 30, 2019. (Tr. at 38-64). By written decision dated June 25, 2019, the ALJ found that Claimant was not disabled as defined by the Social Security Act. (Tr. at 12-37). The ALJ's decision became the final decision of the Commissioner on April 24, 2020, when the Appeals Council denied Claimant's request for review. (Tr. 1-6).

Claimant timely filed the present civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). (ECF No. 2). The Commissioner subsequently filed an Answer opposing Claimant's Complaint and a Transcript of the Administrative Proceedings. (ECF Nos. 11, 12, 17). Claimant filed a Motion for Judgment on the Pleadings and supporting memorandum. (ECF Nos. 15, 16). Claimant raised the issue that the Transcript of the

Administrative Proceedings was incomplete. (*Id.*). Therefore, the Commissioner filed a supplemental transcript, and Claimant responded with a supplemental filing. (ECF Nos. 17, 20). The Commissioner filed a Brief in Support of Defendant's Decision. (ECF No. 21). Consequently, the matter is fully briefed and ready for resolution.

## II.     Claimant's Background

Claimant was 40 years old on his alleged onset date and 56 years old on the date of the ALJ's decision. (Tr. at 28). He communicates in English, has a high school education, and previously worked as a janitor and lawn care worker. (Tr. at 28, 59, 375, 377).

## III.    Summary of ALJ's Decision

Under 42 U.S.C. § 423(d)(5), a claimant seeking disability benefits has the burden of proving a disability. *See Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security regulations establish a five-step sequential evaluation process for the adjudication of disability claims. If an individual is found "not disabled" at any step of the process, further inquiry is unnecessary, and benefits are denied. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step in the sequence is determining whether a claimant is currently engaged in substantial gainful employment. *Id.* §§ 404.1520(b), 416.920(b). If the claimant is not, then the second step requires a determination of whether the claimant suffers from a severe impairment. *Id.* §§ 404.1520(c), 416.920(c). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* If severe impairment is present, the third inquiry is whether this impairment meets or equals any of the impairments listed in Appendix 1 to

Subpart P of the Administrative Regulations No. 4 (the "Listing"). *Id.* §§ 404.1520(d), 416.920(d). If so, then the claimant is found disabled and awarded benefits.

However, if the impairment does not meet or equal a listed impairment, the adjudicator must assess the claimant's residual functional capacity ("RFC"), which is the measure of the claimant's ability to engage in substantial gainful activity despite the limitations of his or her impairments. *Id.* §§ 404.1520(e), 416.920(e). After making this determination, the fourth step is to ascertain whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the impairments do prevent the performance of past relevant work, then the claimant has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, in the fifth and final step of the process, that the claimant is able to perform other forms of substantial gainful activity, given the claimant's remaining physical and mental capacities, age, education, and prior work experiences. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983). The Commissioner must establish two things: (1) that the claimant, considering his or her age, education, skills, work experience, and physical shortcomings has the capacity to perform an alternative job, and (2) that this specific job exists in significant numbers in the national economy. *McLamore v. Weinberger*, 538 F.2d. 572, 574 (4th Cir. 1976).

Here, the ALJ determined as a preliminary matter that Claimant met the insured status for disability insurance benefits through September 30, 2007. (Tr. at 18, Finding No. 1). At the first step of the sequential evaluation, the ALJ confirmed that Claimant had not engaged in substantial gainful activity since December 28, 2002, the alleged disability onset date. (*Id.*, Finding No. 2). At the second step of the evaluation, the ALJ found that Claimant had the following severe impairments: degenerative disc disease and chronic

4

obstructive pulmonary disease. (*Id.*, Finding No. 3). The ALJ also considered Claimant's pancreatitis, history of substance abuse, headaches, bilateral carotid endarterectomy, hypertension, depression, and anxiety, but the ALJ found that the impairments were non-severe. (Tr. at 18-21).

Under the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled any of the impairments contained in the Listing. (Tr. at 21-23, Finding No. 4). Accordingly, the ALJ determined that Claimant possessed:

> [T]he residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that the claimant can frequently climb ramps and stairs, stoop, kneel, crouch, and crawl; occasionally climb ladders, ropes, and scaffolds; and the claimant can tolerate frequent exposure to extreme cold, extreme heat, wetness, humidity, fumes, odors, dusts, gases, and poor ventilation.

(Tr. at 23-28, Finding No. 5).

At the fourth step, the ALJ determined that Claimant did not have any past relevant work. (Tr. at 28, Finding No. 6). Therefore, the ALJ reviewed Claimant's past work experience, age, and education in combination with his RFC to determine his ability to engage in other substantial gainful activity. (Tr. at 28-29, Findings 7 through 10). The ALJ considered that (1) Claimant was born in 1962 and was defined as a younger individual age 18-49 on his alleged disability onset date, but he subsequently changed age category to a person closely approaching advanced age; (2) Claimant had at least a high school education and could communicate in English; and (3) transferability of job skills was not an issue because Claimant did not have any past relevant work. (Tr. at 28, Findings 7 through 9). Taking into account these factors, Claimant's RFC, and the testimony of a vocational expert ("VE"), the ALJ determined that Claimant could perform

other jobs that existed in significant numbers in the national economy, including the positions of janitor or warehouse worker. (Tr. at 29, Finding No. 10). Consequently, the ALJ concluded that Claimant was not disabled as defined by the Social Security Act and was not entitled to benefits. (Tr. at 29-30, Finding No. 11).

### IV. Claimant's Challenges to the Commissioner's Decision

Claimant raised two challenges to the Commissioner's decision, one of which is moot. He asserted that the Transcript of the Administrative Proceedings was incomplete because it did not include a transcript of his initial administrative hearing. (ECF No. 16 at 9). The Commissioner cured this error by filing a supplemental transcript, and Claimant did not assert any further objection that the record was inadequate. (ECF Nos. 17, 20). Therefore, this PF&R does not address Claimant's challenge concerning the incomplete record because the issue was resolved. (ECF No. 16 at 11) (conceding that the error would be cured upon the Commissioner filing a supplemental transcript).

In his sole remaining challenge, Claimant contends that the ALJ's decision must be remanded because the ALJ did not comply with the Appeals Council's remand order. He cites that the Appeals Council remanded the ALJ's prior decision because the ALJ did not resolve an apparent conflict between her RFC finding and the jobs that she relied upon at step five of the sequential evaluation. Specifically, Claimant notes that the ALJ assessed that Claimant could not be exposed to environmental conditions, yet the ALJ found that Claimant could perform jobs which the Dictionary of Occupational Titles (DOT) defined as requiring occasional to frequent exposure to environmental conditions. (ECF No. 16 at 6). Claimant argues that the Appeals Council remanded the case for the ALJ to reconcile the discrepancy, but instead of seeking clarification, the ALJ inappropriately changed Claimant's RFC to eliminate the conflict, concluding without any explanation that

6

Claimant could tolerate frequent exposure to environmental conditions. (*Id.* at 7-8).

In response to Claimant's challenge, the Commissioner asserts that the ALJ was not obligated to accord any weight to her earlier RFC finding because the prior decision was not final, as it was vacated by the Appeals Council. (ECF No. 21 at 7-8). The Commissioner argues that it was appropriate for the ALJ to assess frequent environmental restrictions on remand in consideration of the several hundred pages of supplemental medical evidence. (*Id.* at 8). Moreover, the Commissioner argues that, even if the ALJ was compelled to adopt the original RFC, the error would be harmless because one of the jobs that the ALJ relied upon at step five does not require any exposure to environmental conditions. (*Id.* at 9).

V. **Relevant Evidence**

The undersigned has reviewed all of the evidence before the Court. The information that is most pertinent to Claimant's challenge is summarized as follows:

*A. Treatment Records*

Claimant was diagnosed with chronic obstructive pulmonary disorder (COPD) in November 2015. (Tr. at 652). He occasionally reported dyspnea in 2016 and 2017, and he demonstrated decreased air entry without wheezes or crackles. (Tr. at 770, 949). Claimant continued to smoke cigarettes through April 2019. (Tr. at 809, 814, 949, 1593). Nonetheless, his respiration rate was normal at 16 breaths per minute in April 2019. (Tr. at 1593).

*B. Evaluations and Prior Administrative Findings*

Steven Nutter, M.D., performed a consultative examination of Claimant on June 11, 2015. Claimant's lung fields were clear, his pulmonary function testing was normal,

7

and Claimant was not dyspneic. (Tr. at 549). Dr. Nutter did not diagnose Claimant with any respiratory impairments. (Tr. at 551).

The state agency physicians, Rabah Boukhemis, M.D., and Fulvio Franyutti, M.D., concluded on June 29, 2015, and September 4, 2015, respectively, that Claimant's physical impairments were non-severe, and he did not have any RFC limitations. (Tr. at 71-72).

### C. *Claimant's Statements*

Claimant testified during his administrative hearing on April 30, 2019, that he suffered from back pain, which limited his ability to walk and lift; pancreatitis that flared up when he ate certain foods; acid reflux; sinus infections; "trench mouth;" occasional twitching/fluttering in his chest due to "leaky [heart] valves;" high blood pressure; pain in his right femur due to previous fracture; and pain in his kneecap. (Tr. at 45-46, 48, 50-52, 55-56).

### D. *ALJ's Prior Decision*

On September 14, 2017, the ALJ issued a decision in which she concluded that Claimant should avoid all exposure to pulmonary irritants, wetness, extreme heat, extreme cold, and hazards. (Tr. at 118). With the assistance of a VE, the ALJ found that Claimant could perform jobs such as a dish washer, janitor, or laundry worker. (Tr. at 122). Therefore, the ALJ found that Claimant was not disabled. (Tr. at 123).

### E. *Appeals Council's Remand Order*

The Appeals Council granted Claimant's request for review and vacated the ALJ's prior decision. It found that the ALJ erred in not reconciling the conflict between her finding that Claimant could not tolerate any exposure to environmental conditions and her finding that Claimant could perform jobs that the DOT defined as requiring occasional

to frequent exposure to environmental conditions. (Tr. at 131). The Appeals Council remanded the case, instructing the ALJ to do the following:

> Obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Rulings 83-14 and 85-15). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of such appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(Tr. at 132).

### F. *VE Testimony*

On remand, the ALJ asked the VE whether a person with Claimant's characteristics and RFC, which included frequent exposure to extreme cold, extreme heat, wetness, humidity, fumes, odors, dust, gases, and poor ventilation, could perform any jobs. (Tr. at 59-60). The VE supplied a list of jobs that a person with the assessed characteristics and limitations could peform, including janitor, cleaner, and warehouse worker. (Tr. at 60).

## VI. Standard of Review

The issue before the Court is whether the final decision of the Commissioner is based upon an appropriate application of the law and is supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In *Blalock v. Richardson*, the Fourth Circuit Court of Appeals defined "substantial evidence" to be:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

9

*Blalock*, 483 F.2d at 776 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This Court is not charged with conducting a *de novo* review of the evidence. Instead, the Court's function is to scrutinize the record and determine whether it is adequate to support the conclusion of the Commissioner. *Hays*, 907 F.2d at 1456. When conducting this review, the Court does not re-weigh evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001) (citing *Hays*, 907 F.2d at 1456)). Moreover, "[t]he fact that the record as a whole might support an inconsistent conclusion is immaterial, for the language of § 205(g) … requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock*, 483 F.2d at 775 (citations omitted). Thus, the relevant question for the Court is "not whether the claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig*, 76 F.3d at 589).

**VII. <u>Discussion</u>**

Claimant contends that the ALJ did not comply with the Appeals Council's remand order. On remand from the Appeals Council, an ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.977(b), 416.1477(b). Federal courts are split on the issue of whether an ALJ's failure to comply with an Appeals Council remand order may serve as an independent ground for reversal, and the Fourth Circuit has not definitively addressed the issue. *Erickson v. Colvin*, No. 5:14CV74, 2015 WL 3892293, at *3–4 (N.D.W. Va. June 24, 2015); *Ginger N. v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-18-1830, 2019 WL 1903548, at *2 (D. Md. Apr. 29, 2019) (collecting cases).

This district has applied the rule that an ALJ's failure to comply with an Appeals Council's directive constitutes legal error, but "reversal and remand are required only where the claimant demonstrates that the ALJ's decision might reasonably have been different or would not be supported by substantial evidence had the ALJ complied with the remand order." *Adkins v. Saul*, No. 3:19-CV-00624, 2020 WL 4514667, at *11 (S.D.W. Va. July 14, 2020), *report and recommendation adopted,* 2020 WL 4508311 (S.D.W. Va. Aug. 5, 2020) (citing *Huddleston v. Astrue*, 826 F. Supp. 2d 942, 955 (S.D.W. Va. 2011)).

In this case, there is some ambiguity in the Appeals Council's remand order. For instance, the Appeals Council ordered the ALJ to "[o]btain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." (Tr. at 132). The wording "the assessed limitations" could be interpreted to refer to the previous RFC assessment, as Claimant suggests, or the RFC assessment that the ALJ determined on remand. At least two factors argue in favor of the latter interpretation.

First, as the Commissioner emphasizes, the Appeals Council vacated the ALJ's prior decision in its entirety. (Tr. at 131-32); *see* Hearings, Appeals, and Litigation Law Manual (HALLEX) I-3-7-1, 1993 WL 643162 (stating that the ALJ's decision is vacated in its entirety on remand unless the Appeals Council issues a combined Affirmation/Remand Order). The Appeals Council did not issue a combined Affirmation/Remand Order in this case, and it would not have been permitted to do so under these circumstances because the ALJ reached an unfavorable decision, and a combined Affirmation/Remand Order is only permitted to affirm a partially favorable decision to the claimant's benefit. HALLEX I-3-7-1, 1993 WL 643162 (stating that the Appeals Council can only issue a combined Affirmation/Remand Order in two instances:

11

(1) when it agrees with the favorable portion of an ALJ's partially favorable decision, it can affirm the favorable portion and remand the rest, or (2) when it reviews a concurrent DIB and SSI claim and determines that the decision for one title is supported by substantial evidence and the decision for the other title is not, the Appeals Council can affirm or deny review for the supported claim and remand the claim that is not supported by substantial evidence).

A second indication that the ALJ did not violate the Appeals Council's order is that the Appeals Council denied Claimant's request for review of the ALJ's decision containing the new RFC finding. (Tr. at 1-6). If the ALJ defied the Appeals Council's remand order by changing the RFC, the Appeals Council would presumably have granted review and addressed the error instead of declining to review the case. For those reasons, the undersigned **FINDS** that the ALJ took the action ordered by the Appeals Council and did not take any action that was inconsistent with its ruling. 20 C.F.R. §§ 404.977(b), 416.1477(b).

Finding that the ALJ complied with the remand order, the undersigned considers whether substantial evidence supports the environmental restrictions. The ALJ summarized the medical evidence and noted that she gave partial weight to the state agency physicians' opinions, to the extent that they found that Claimant was not disabled, but she disagreed with their findings that Claimant did not have any severe impairments because there was significant evidence received after their opinions were rendered. (Tr. at 28). After documenting the medical evidence and prior administrative findings, the ALJ did not proceed to connect any of the evidence to her RFC assessment of Claimant's environmental limitations.

Claimant is correct that the ALJ did not explain her deviation from the

environmental restrictions that she assessed in the vacated decision. Indeed, it is noteworthy that, on remand, the ALJ assessed less restrictive environmental limitations at the precise level of exposure which eliminated the earlier conflict between the VE's testimony and the DOT. However, given that the prior decision was vacated, the ALJ was not required to explain her departure from it or give it any weight. *See Monroe v. Colvin*, 826 F.3d 176, 187 (4th Cir. 2016) ("Nothing in [Social Security Acquiescence Ruling 00-1(4)], or in our circuit precedent, indicates that findings in prior non-final decisions are entitled to any weight.") (citing 20 C.F.R. §§ 404.981, 416.1481). The error in this case is not that the ALJ failed to justify the change in environmental restrictions, but the fact that she did not provide any explanation for the environmental restrictions that she ultimately assessed. It is unclear from the text of the decision which impairments even prompted the environmental restrictions. There is no logical bridge from evidence to conclusion. Without knowing the basis for the environmental restrictions, the Court cannot meaningfully review whether they are supported by substantial evidence.

The Commissioner argues that the evidence indicates that Claimant can frequently be exposed to environmental hazards, as opposed to being limited from any exposure, because he continued to smoke heavily, denied shortness of breath and cough, and worked in construction for two years while allegedly disabled. (ECF No. 21 at 8-9). However, the Commissioner's *post hoc* explanation for the environmental limitations does not appear anywhere in the ALJ's decision. Therefore, given the complete lack of explanation for the environmental restrictions, the undersigned **FINDS** that they are not supported by substantial evidence.

As a final matter, the undersigned considers whether the ALJ's error was harmless. There must be a conceivable impact on the outcome of the case in order to justify reversal

13

or remand of an Agency's decision. *Terry v. Saul*, No. CV 1:19-00912, 2021 WL 930683, at *6 (S.D.W. Va. Mar. 11, 2021) (Faber, J.) (discussing that the harmless error doctrine applies in Social Security appeals); *Adkins*, 2020 WL 4514667, at *11; *Brian S. v. Saul*, No. 3:20CV065 (JAG), 2021 WL 748087, at *9 (E.D. Va. Feb. 10, 2021), *report and recommendation adopted,* 2021 WL 744149 (E.D. Va. Feb. 25, 2021); *Powell v. Astrue*, No. CIV. SKG 10-02677, 2013 WL 3776948, at *9 (D. Md. July 17, 2013); *Cantrell v. Colvin*, No. 1:14-CV-104-RJC-DSC, 2015 WL 7444633, at *4 (W.D.N.C. Nov. 23, 2015).

In this case, despite the ALJ's error, the environmental RFC restrictions have no impact on the disability decision. An ALJ must determine that a claimant can perform at least one job that exists in significant numbers in the national economy in order to conclude that the claimant is not disabled under the Act. *Craig v. Saul*, No. 3:19 CV 404 WCM, 2020 WL 4349842, at *7 (W.D.N.C. July 29, 2020). Here, the ALJ determined with the assistance of a VE that Claimant could perform the position of warehouse worker, DOT 922.687-058. (Tr. at 29). The DOT provides that this job does not involve **any** exposure to weather, extreme cold, extreme heat, wetness, humidity, atmospheric conditions, or other environmental conditions. DOT 922.687-058, 1991 WL 688132. "Atmospheric conditions" are defined as "exposure to such conditions as fumes, noxious odors, dusts, mists, gases, and poor ventilation, that affect the respiratory system, eyes, or the skin." Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, App'x D, ¶ 14 (U.S. Dep't of Labor 1993) ("SCO"); *Frye v. Berryhill*, No. 1:16CV543, 2017 WL 3242259, at *6 (M.D.N.C. July 28, 2017).

Therefore, Claimant fails to establish the requisite showing of prejudice that entitles him to relief. Even under the ALJ's prior RFC assessment, which restricted Claimant to no exposure to environmental factors, Claimant would have been found non-

disabled. Claimant does not raise any other challenges to the Commissioner's decision. For those reasons, it would be futile to reverse and remand the decision to the Commissioner for the ALJ to reconsider or elaborate upon Claimant's environmental limitations. As such, the undersigned **FINDS** that the ALJ's failure to explain the environmental limitations in the RFC, while erroneous, was harmless in this instance. *See, e.g., Crawley v. Comm'r, Soc. Sec. Admin.*, No. CIV. SAG-11-2427, 2013 WL 93202, at *2 (D. Md. Jan. 7, 2013) ("The ALJ's opinion did not address his conclusions with respect to the need for environmental restrictions. Even assuming that such failure constituted error, it would be harmless, because most of the jobs identified by the VE involve no exposure to fumes, odors, dust, gases, and poor ventilation, according to the Dictionary of Occupational Titles."); *Royal v. Berryhill*, No. 1:17CV1135, 2019 WL 360000, at *11 (M.D.N.C. Jan. 29, 2019), *report and recommendation adopted,* 2019 WL 1258517 (M.D.N.C. Feb. 21, 2019) (finding that, even if the ALJ erred in not assessing limitations related to pulmonary irritants, extreme temperatures, humidity, and toxic chemicals/agents in the RFC, the error would be harmless because the jobs provided did not involve exposure to weather, heat, cold, wetness/humidity, atmospheric conditions, toxic/caustic chemicals or other environmental conditions.)

## VIII. Recommendations for Disposition

Based on the foregoing, the undersigned United States Magistrate Judge respectfully **PROPOSES** that the presiding District Judge confirm and accept the findings herein and **RECOMMENDS** that the District Judge **DENY** Plaintiff's request for judgment on the pleadings, (ECF No. 15); **GRANT** the Commissioner's request for judgment on the pleadings, (ECF No. 21); **AFFIRM** the decision of the Commissioner; **DISMISS** this action, with prejudice, and remove it from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to counsel of record.

**FILED**:  June 17, 2021

Cheryl A. Eifert
United States Magistrate Judge